## IOWA STATE SAVINGS BANK v. JACOBSON.

1. Leave to file a supplemental abstract for the sole purpose of presenting a corrected printer's affidavit of publication, not before the trial court but filed therein, *nunc pro tunc*, long after an appeal had been perfected, will not be allowed.

2. In an action against a non-resident defendant having property within the state, an order for the publication of the summons may be granted before said property has been actually seized under attachment, and upon an affidavit which contains a statement of all the jurisdictional facts, together with evidence relating thereto sufficient to convince the court of the existence of a case authorizing a substituted service under the statute.

3. A judgment in a suit aided by attachment need not direct a sale of the property in satisfaction thereof, as the law explicitly imposes that duty upon the attaching officer.

4. Proof that a notice is published in a weekly newspaper for seven successive issues commencing on December 25, 1891, and concluding on February 5, 1892, is sufficient to show a publication thereof "once in each week for six successive weeks," as required by statute.

(Syllabus by the Court.   Opinion Filed Feb. 26, 1896.)

Appeal from circuit court, Davison county. Hon. D. HANEY, Judge.

Action upon a promissory note. There was a judgment for plaintiff, and from an order denying a motion to vacate the same defendant appeals. Affirmed.

The facts are stated in the opinion.

*A. E. Hitchcock,* for appellant.

The affidavit and order for publication of summons, the first publication of summons and the mailing of copies of summons and complaint being made prior to the date of levy upon any of defendant's property, he being a non-resident and having made no appearance, did not give the court jurisdiction. Pennoyer v. Neff, 95' U. S. 714; Freeman v. Addison, 7 Sup. Ct. Rep. 166; Bigelow v. Chatterton, 2 C. C. A. 402; Kennedy v. Goergen, 31 N. W. 210; Plummer v. Hatton, 53 N. W. 460; 2 Black on Judgments § 794; Drake on Attachments § 5;

Payne v. Moreland, 15 Ohio 441: Parker's Lessee v. Miller, 9 Ohio 113; Anderson v. Goff (Cal.) 13 Pac. 75. The language of the statute is not sufficient as a basis for the order of publication of summons. Beach v. Beach, 6 Dak. 377. Statutory provisions for acquiring jurisdiction by publication must be strictly pursued. Beach v. Beach, *supra*; People v. Huber, 20 Cal. 82; Beaupre v. Keefe, (Wis.) N. W. 596; Corson v. Shoemaker, 57 N. W. 134; Bixby v. Smith, 49 How. Pr. (N. Y.) 50; Carleton v. Carleton, 85 N. Y. 315; McCracken v. Flannigan, 28 N. E. 385. Sec. 4900, Comp. Laws, requires that the non-resident have property in the state as a condition upon which publication may be granted. There should be allegations in the affidavit showing legal evidence to meet the requirement. 1 Wait's Pr. 519. Actions against a non-resident by attachment where service is by publication and there is no appearance, do not authorize a personal judgment, and the proceedings based upon a personal judgment are invalid. Griffeth v. Milwaukee Harvester Co., 61 N. W. 244; Smith v. Griffen, 13 N. W. 423; Cassidy v. Woodward, 42 N. W. 319. An affidavit that the summons "was printed and published in said newspaper for seven successive issues, to wit: the first publication being made on December 25th, 1891, and the last publication on February 5, 1892," is fatally defective. The court cannot infer that seven successive issues of the paper were published once each week. Kennedy v. Joergen, 31 N. W. 210; Burr v. Seymour, 45 N. W. 715; Bigelow v. Chatterson, 2 C. C. A. 406.

*Palmer, Preston & Rogde,* for respondent.

As opposed to appellant's first proposition, respondent cited Fisk v. Anderson, 12 Abb. Pr. Rep. 13; Winner v. Fitzgerald, 19 Wis. 394; and as to the second proposition, Wortman v. Wortman, 17 Ab. P. 70; Van Wyck v. Hardy, 11 Ab. Pr. 474; Rodden v. Corbin, 3 How. Pr. 416; 5 How. Pr. 4; Belmont v. Colman, 82 N. Y. 256; Howe Machine Co. v. Pettibone. 74 N. Y. 68. As to the third contention of appellant, that the form of the judgment is merely that of a personal judgment,

and proceedings based upon it are invalid, respondent cited, as opposed to that view, Waples on Attachment, p. 510; Brown v. Tucker (Colo.) 1 Pac. 223; Low v. Henry, 9 Cal. 551; Meyers . Mott, 29 Cal. 364; Gregory v. Nelson, 44 Cal. 282.

FULLER, J.   This appeal is by the defendant from an order overruling a motion to vacate and set aside a judgment rendered in the above entitled action upon his promissory note, together with all proceedings had therein before and since said judgment was entered.   The substantive facts and proceedings, briefly stated, are as follows:   A summons was issued by respondent's attorney, and placed in the hands of the sheriff with the direction that the same be personally served.   In his return, dated December 23, 1891, said officer stated that he could not find the defendant in this state, and that he verily believed him to be a resident of Salem, Oregon.   On the same day respondent's counsel presented his affidavit and verified complaint to the trial court, and obtained an order directing a substituted service of the summons by publication, which was thereupon filed in circuit court, together with an affidavit and bond for an attachment, upon which a writ of attachment issued on said 23d day of December, 1891, and by virtue of which the real property in controversy was levied upon and siezed by the sheriff five days thereafter.   On the 24th day of December, 1891, pursuant to the court's order above mentioned, copies of the summons and complaint were addressed and mailed as required by statute to the appellant, Jacobson, at Salem, Or., and the summons was published in the Mitchell Capital for the first time on the following day, as shown by the affidavit of the business manager of said newspaper.   On the 18th day of April, 1892, a default judgment in respondent's favor against appellant for the full amount claimed was rendered and docketed in circuit court, and a special execution was issued, directing the sale of the attached real property in satisfaction thereof, which was accordingly sold, pursuant to a published notice of sale, on

the 28th day of May, 1892, and the usual certificate of sale was executed and delivered to the purchaser thereof.

Before proceeding to an examination of the subjects presented by appellant's assignment of errors, we will dispose of the following question of practice, to which our attention is directed by respondent's amended abstract and appellant's objections thereto: More than five months after this appeal was perfected, and upon application of counsel for respondent to the trial court, an order was granted, by which respondent was allowed to file, *nunc pro tunc,* a corrected affidavit of the publication of the summons, and also a corrected affidavit of the publication of the notice of sheriff's sale, both of which were filed as of the date of the original affidavits, and by said order were made a part of the judgment roll herein. In our opinion, appellant is entitled to have the order appealed from considered upon the record before the trial court when the same was entered. Upon the hearing of the motion to vacate and set aside the proceedings, when the attention of respondent was first directed to the alleged imperfect affidavits, he appeared to be well satisfied with their form and substance, and it is now too late, after an appeal has been taken, to file supplemental or substituted affidavits for the consideration of this court. Ladd v. Couzins, 35 Mo. 514; Clelland v. People, 4 Colo. 244; Kirby v. Superior Court, 68 Cal. 604, 10 Pac. 119. It will be observed that the order for the service of the summons by publication was granted by the court on the day of the issuance of the attachment, and that the summons was published three days before the sheriff actually levied upon the real estate of appellant by virtue of the warrant of attachment. Appellant's contention is that the court was without power to order the summons to be published, because his real property had not, prior to the granting of said order, been siezed under the warrant of attachment. Section 4900 of the Compiled Laws provides that: "Where the person on whom the service of the summons is to be made cannot, after due diligence, be found within the state,

and that fact appears by affidavit to the satisfaction of the court or a judge thereof, and it in like manner appears that a cause of action exists against the defendant in respect to whom the service is to be made, or that he is a proper party to an action relating to real property in this state, such court or judge may grant an order that the service be made by the puplication of a summons in either of the following cases:  *  *  *  (3) Where he [the defendant] is not a resident of this state, but has property therein, and the court has jurisdiction of the subject of the action."

Notice to a nonresident defendant having property within the state is the sole object of substituted service, and in order that such notice may be adequate, and constitute due process of law, the required jurisdictional conditions must be shown to exist, in the manner provided by statute.   The verified complaint attached to and made a part of the affidavit upon which the order for the publication of the summons was granted states a cause of action in favor of the plaintiff and against the defendant, the subject matter of which is clearly within the jurisdiction of the court.   Affiant, in said affidavit, states from his own personal knowledge that appellant removed from this state two or three years prior to the date thereof, and upon information and belief swears that he is not now a resident of this state, but a resident of the city of Salem, in the state of Oregon, where he is engaged in the lumber business.   In further support of the recital "that the defendant, after diligent search, cannot be found within this state," but has property herein, and for the purpose of showing good faith and honest effort to obtain personal service of the summons, the following evidential facts were, by the affiant, submitted to the court:   "Deponent is informed by C. J. Johnson, Esq., who advises affiant that he has communications from said defendant, and that he resides at Salem, Oregon, as aforesaid, and engaged in the business of a lumber dealer; and also from Mr. Joseph Rice, who advises affiant that his residence and post office address, as he verily be-

lieves, from his correspondence with him, is at Salem, Oregon; and from J. E. Wells, register of deeds of Davison county, South Dakota—it appears that said Jacob Jacobson acknowledged a deed of conveyance for real estate before one John M. Payne, a notary public, residing at Salem, Or. * * * That affiant has made inquires of the above named persons for the purpose of ascertaining his residence, and he is advised by them as heretofore stated, and that it is impossible to obtain personal service upon the defendant within this state. That the defendant has property in this state, as this deponent is informed and believes, to wit, the southwest $\frac{1}{4}$ of section 32, township 103, range (62) sixty-two, in Davison county, and lot 7 in block 2 in Crider's addition to Mitchell, S. D." Upon the foregoing affidavit, which states all the ultimate statutory facts together with specific probative evidence of their actual existence the court was fully justified in granting the order appealed from, without ulterior inquiry as to the attachment of the real property therein described. Viewed in the light of the statute, and measured in all its parts by the rule promulgated by his honor, Judge SHANNON, in 1 Dak. 500, Append., the affidavit before us meets every jurisdictional requirement. In order to justify the publication of a summons in an action like the present, it is only necessary to convince the court of the required facts, among which is the existence within the state of property belonging to a nonresident defendant upon whom personal service cannot be had, and, if the defendant fails to appear within the time limited by law, the action is effectual for no purpose, unless the property previously found, as shown by the affidavit for the publication of the summons, is seized under a writ of attachment. From the case upon which appellant measurably relies for a reversal of the order from which this appeal is taken we quote the following: "The court, in such a suit, cannot proceed, unless the officer finds some property of defendant on which to levy the writ of attachment. A return that none can be found is the end of the case, and deprives the court of further

jurisdiction, though the publication may have been duly made and proven in court." Pennoyer v. Neff, 95 U. S. 726. Upon the theory that property is always in the possession of its owner and the assumption that he will look to any legal proceedings instituted to affect the same, the publication of a summons immediately followed by the seizure of property under an attachment, in time to enable him to appear and defend before judgment, is sufficient to confer jurisdiction upon a court over the attached property of a nonappearing nonresident defendant. For the purposes of an attachment the action is deemed commenced against a nonresident defendant when the summons issues, provided publication thereof is commenced within 30 days; and the writ may then issue, or at any time afterwards, within the rule above announced. Comp. Laws, § 4993. No authorities have been cited, and we find none, based upon a statute like ours, that go to the extent of holding that a court is without jurisdiction to grant an order for the publication of a summons until the property of a nonresident defendant has been seized under an attachment. It is very clear that under the statute this action cannot be commenced by the publication of a summons unless property is found, and that it cannot be effectually prosecuted to judgment unless such property is previously seized in the manner above specified.

Counsel's contention that all proceedings in the action are void, and should be vacated and set aside, because the judgment contains no recital requiring the sheriff to sell the attached property in satisfaction thereof, is without merit. The action was upon a contract for the recovery of money only, and no question as to the right of an attachment was involved therein. The statute grants it pending the litigation as security for the satisfaction of the judgment when obtained, and provides the manner by which the attached property shall be sold, and the proceeds thereof applied in satisfaction of the judgment. By seizing the property under a valid writ based upon a proper affidavit and undertaking, the attachment lien was

created, and, by a compliance with the statute, was preserved until judgment was entered, when it became the duty of the sheriff to satisfy the same out of the property attached and in his hands for that purpose alone.  Sec. 5006, Comp. Laws, and preceding provisions, which create and relate to the attachment right.  See, also, Anderson v. Goff (Cal.) 13 Pac. 73; Low v. Henry, 9 Cal. 538; Wap. Attachm. 510.  Our conclusion is that a judgment in an action aided by an attachment need not direct the sheriff to sell the property seized thereunder, because the law plainly defines his duty, and expressly indicates the successive steps to be taken by said attaching officer in subjecting the property to the satisfaction of the demand.

The order of the court upon which the substituted service is based, directs that the summons be published in the Mitchell Capital once in each week for six consecutive weeks; and the printer's affidavit, so far as material, is as follows:  "A. E. Dean, of said county and state, being first duly sworn, on his oath says that the Capital is a weekly newspaper of general circulation, printed and published in Mitchell, in said county and state, by the Mitchell Printing Co., and has been such newspaper during the time hereinbefore mentioned; and that I, A. E. Dean, the undersigned, am business manager of said newspaper, in charge of the advertising department thereof, and have personal knowledge of all the facts stated in this affidavit, and that the advertisement headed 'Summons,' a printed copy of which is hereunto attached, was printed and published in the said newspaper for seven successive issues, to wit: the first publication being made on December 25, 1891, and the last publication on February 5, 1892."  It is not claimed that the service is in fact incomplete, and no point is made that the summons was not printed in the paper indicated by the court; but counsel for appellant confidently maintains that there is no sufficient proof that the summons was published "once in each week for six successive weeks," as required by the statute and directed by the court.  Commencing on December 25, 1891, and

concluding on February 5, 1892, the summons was published in a weekly newspaper for seven successive issues. In ordinary acceptation, the expression. "weekly newspaper" unerringly conveys the idea of a paper issued once a week, and the phrase "for seven successive issues," when used with reference to a publication in a weekly newspaper, simply means that such publication appeared in the columns thereof once each week for seven consecutive weeks; and when the date of the first and last publication is given, as in the affidavit before us, the above conclusion is irresistible. What has been said concerning the publication of the summons applies with equal force to the notice of sale, and without hesitation we pronounce the proof of publication in each instance entirely sufficient. Finding no error in the record, the order appealed from is affirmed.

HANEY, J., took no part in the decision.