## WOODS v. POLLARD.

1. Where an affidavit for publication, after averring the use of due diligence to secure personal service, refers to the sheriff's affidavit, stating his failure, after diligent search, and inquries of various persons likely to know defendant's whereabouts in the county of his residence, to secure personal service on him within his county, and defendant's removal to another state, and states fully the circumstances of defendant's removal, and other facts showing inability to find defendant, it shows sufficient diligence to justify an order for publication.

2. An appeal from an order denying a motion to vacate a judgment on the ground that an affidavit for publication did not show a cause of action against defendant cannot be considered, where such ground was the court's reason for its decision, as the appeal is simply an appeal from the reasons given by the court for its decision.

3. A party in whose favor an order is made cannot appeal, where he is not thereby aggrieved.

4. Where a verified complaint showing a cause of action is referred to in the affidavit for publication, and is presented to the court on the

application, it is sufficient, within Comp. Laws, § 4900, authorizing publication, where it appears by affidavit that defendant cannot be found, and that a cause of action exists against defendant, whether or not the complaint was in fact on file in the clerk's office, and though it may be inadvertently stated to be on file in the affidavit.

5. A verified complaint showing a cause of action against a defendant is an affidavit, within Comp. Laws, § 4900, authorizing publication, where it appears by affidavit that defendant cannot be found, and that a cause of action exists against him.

(Opinion filed November 21, 1900.)

Appeal from circuit court, Davison county. HON. FRANK B. SMITH, Judge.

Action by James H. Woods against A. C. Pollard to recover on a note. From an order vacating an order for publication, the summons, judgment and proceedings in the action, plaintiff appeals, and defendant presents a cross appeal. Cross appeal dismissed, and cause reversed.

The facts are stated in the opinion.

*A. E. Hitchcock,* for appellant.

*H. C. Preston* and *T. J. Spangler,* for respondent.

CORSON, J. This is an appeal from an order vacating and setting aside an order for publication made by the circuit court, and the summons, judgment and proceedings in the action. The motion was made upon the following ground, among others: "That the affidavit for the publication of the summons does not show due diligence to find the defendant within this state, in order to serve upon him the summons within this state." The court, in its order vacating the judgment, states specifically that the motion is granted upon the ground that the affidavits for publication do not show due diligence on the part of the plaintiff to find the defendant within the state. The deputy sheriff of Davison county, in his affidavit made

September 30, 1899, states that the summons in this action was placed in his hands for service, and that after making diligent search, and inquiry of various persons who would be likely to know of the whereabouts of said defendant, affiant was not able to find said defendant, and could not make personal service of the summons upon him within said Davison county. He further states that he was acquainted with the defendant; that defendant sold his residence in the city of Mitchell in August, 1899, and removed with his family from the state of South Dakota to the town of Battle Lake, in Minnesota. And affiant further states, on information and belief, that said defendant is at present at Battle Lake, Minn., and that, after due and diligent search defendant could not be found within the state of South Dakota. The affidavit of the plaintiff's attorney is substantially as follows: That the defendant, after due diligence, cannot be found within the state of South Dakota, and personal ser-
vice of the summons in this action cannot be made upon him. That the diligence used to find the defendant consisted of the following acts: That the summons in this action was placed in the hands of the sheriff for service, and the return of said sheriff, in the form of an affidavit is referrred to. That affiant has known the defendant for a number of years, he having resided at Mitchell, where the attorney resides, for that period. That said defendant sold the residence owned by him in that city in August, 1899, and severed his business connections and removed his family to Battle Lake, Minn., where he is now present, as affiant is informed by various persons. The affiant was shown a letter in the handwriting of said defendant, written to one Patton, concerning business transactions, said Patton being the successor of the defendant as secretary of the Monmouth Merchant mills, a corporation doing business in the city of Mitchell, and the same was written within the week preced-

ing the making of the affidavit. It will be seen from these affidavits that the plaintiff did use diligence to find the defendant within this state, and that the probative facts stated are quite as strong as those in the case of Bank v. Jacobson, 8 S. D. 292, 66 N. W. 453, which this court held contained a sufficient statement of the probative facts showing diligence on the part of the plaintiff to warrant the court in making the order for publication. While undoubtedly it would have been more satisfactory to the court granting the order for publication if the deputy sheriff and the attorney had given the names of the persons of whom they made inquiries, and the reasons why inquiries were made of such persons, still the failure to give the names and the information received does not, as a matter of law, render the proof insufficient to satisfy the court or judge. It will thus be seen that the plaintiff placed the summons in the hands of the sheriff, who makes affidavit that he could not find the defendant within his county (being the county where the defendant had his former residence), and stating that he had made diligent search, and inquiries of various persons who would be likely to know of the whereabouts of the said defendant, and was unable to make personal service of the summons upon him within his county; and it will be noticed that he further states that about a month previous the defendant sold his residence in the city of Mitchell, and removed with his family to Battle Lake, Minn. The affidavit of the attorney states more fully and at large the circumstances of the defendant's removal to Minnisota, and other facts tending to prove that he could not, at the time the affidavit was made, be found within this state. Upon this evidence we think the court was justified in finding that due diligence had been used, and that it was sufficient to satisfy the court that the defendant could not, after due diligence, be found within the state, and fully justified the order for publication. This case differs from the case of Bothell v.

Hoellwarth, 10 S. D. 491, 74 N. W. 231. In that case it will be observed from the facts stated in the opinion that no probative facts whatever as to the diligence used are stated, and that the affidavit in the case contains simply the bald and naked statement that the defendant could not, after due diligence, be found within the state of South Dakota. It is true, the further statement was made that they resided in Greely, Neb., which would constitute evidence that they were not residents of this state, but very slight proof that the defendants could not be found within the state at the time the affidavit was made, if any. The bare statement in the language of the statute that the defendant could not be found within the state was a statement of the ultimate fact, and no probative facts were given tending to prove the truth of this statement. What and how much evidence the court shall require to satisfy it of the existence of this ultimate fact, rests largely with the court granting the order; but proof by affidavit of the probative facts must be produced before the court granting the order, substantiating the ultimate fact sought to be established, before the court can grant the order. Beach v. Beach, 6 Dak. 371, 43 N. W. 701. No unvarying rule can be laid down by this court as to what the proof shall be, as that will depend very largely upon the circumstances of each case. It will suffice to say that the proof must be such as to satisfy the court making the order that due diligence has in good faith been used, and which this court, upon review, can say is sufficient to support the finding of the lower court. As was said in Bothell v. Hoellwarth, *supra,* the making of the order is not a formal matter, but requires the exercise of the sound judicial judgment of the court; and when this judgment has been exercised, upon probative facts sufficient to warrant the finding, neither the court making the order nor this court should disturb that finding.

The motion to vacate and set aside the judgment was also made upon the following ground: "That the affidavit for the publication of summons does not show that a cause of action existed against the said defendant in respect to whom the service was to be made." The defendant insists that the court erred in denying his motion to dismiss upon this ground, and has taken an appeal to this court from that part of what he terms the court's order denying the motion upon that ground; but this appeal is clearly without warrant, and cannot be considered, for the reason it is simply an appeal from the reasons given by the court for its decision. The order made by the court was that the judgment be vacated and set aside, and, if this order can be sustained upon any ground specified in the motion, it must be affirmed. If it cannot be sustained upon any ground so stated, it must be reversed. The decision of the court being in favor of the defendant, he was not aggrieved by the order, and hence had no right of appeal." The so called "cross appeal," therefore, must be dismissed, and we shall proceed to consider the question presented in the appeal now before us, as the motion and order are a part of plaintiff's record.

It is contended on the part of the defendant that the court erred in holding in effect, that, where a verified complaint is presented to the court at the time an application is made for an order for publication of the summons, it will be sufficient for the court to examine such verified complaint, and from that alone find affirmatively that a cause of action exists. The attorney for the plaintiff, in his affidavit for the publication of the summons, states "that a cause of action exists against said A. C. Pollard, defendant, in favor of said plaintiff, which cause of action is fully set out in plaintiff's verified complaint now on file in the office of the clerk of the circuit court of said Davison county." The complaint set out in the abstract states a good cause of action in favor of the plaintiff and against the defendant,

and, following it, it is stated that the complaint was duly verified and filed in the office of the clerk of the circuit court of Davison county on September 30, 1899. The affidavit of the attorney appears to have been subscribed and sworn to on September 27, 1899, three days before the same purports to have been filed by the clerk; and the contention of the defendant is that the complaint in the action not appearing to have been filed at the time the affidavit was made, nor until three days thereafter, there was no sufficient proof that the complaint upon which the court below made its order was the same complaint which was subsequently filed with the clerk of the court, and also that a complaint, unless the affiant swears in his affidavit that the facts therein stated are true, does not constitute an affidavit, within the meaning of Section 4900, Comp. Laws, which provides that such proof shall be made by affidavit. But we think this view of the learned counsel for the defendant cannot be sustained. The failure to file the complaint at or before the making of the affidavit was evidently an inadvertence on the part of counsel and the court, and is not such an irrigularity as would render the affidavit insufficient as proof that a cause of action existed; it appearing from the order of the court that the complaint was presented to the court. It cannot be presumed that an attorney of the court would present to the court a complaint showing a cause of action existing in favor of the plaintiff and against the defendant, and, without filing the same, substitute and file some other complaint in the action; and we do not understand that it is claimed here that the complaint presented to the court is not the identical one which was subsequently filed, and which constitutes the complaint in the action. We are of the opinion, therefore, that the failure to file the complaint at or before the time the affidavit was made does not affect the regularity of the proceeding.

The contention on the part of the defendant that the complaint cannot be regarded as an affidavit is equally untenable. A duly-verified complaint has been so long regarded in this state as an affidavit, within the meaning of the statute, for the purpose of showing that a cause of action exists, and used as a part of the proceedings in obtaining an order for the publication of the summons, that we would not be inclined to disturb the practice, even if there were some doubt as to the regularity of the proceeding. In Bank v. Jacobson, 8 S. D. 292, 66 N. W. 453, a similar affidavit was held sufficient, as was also a similar affidavit upon the subject in Bothell v. Hoellwarth, supra; and such a complaint comes within the provisions of section 5278, Comp. Laws, which reads as follows: "An affidavit is a written declaration under oath, made without notice to the adverse party." We are of the opinion, therefore, that the court ruled correctly in holding that when a complaint which is verified, and shows a cause of action, and is referred to in the affidavit, is presented to the court upon the application for an order for publication, it is sufficient to satisfy the statute, whether the complaint be in fact on file in the clerk's office or not, and though it may be inadvertently stated to be on file. These views lead to the conclusion that the order vacating and setting aside the judgment and the order for publication should be reversed, and it is so ordered.