## COCHRAN v. GERMAIN.

Comp. Laws, § 4900, provides that where it appears by affidavit to the satisfaction of the court that the person on whom service of summons is to be made after due diligence cannot be found within the state, the court may order the service to be made by publication, where defendant is not a resident of the state, but has property therein. An affidavit stated that defendants were not residents of the state, but resided and, at the time of making the application, were at a certain place in another state. *Held*, sufficient to justify a finding that the persons on whom the service of the summons was to be made could not be found within the state, so as to warrant service by publication.

CORSON, J., dissenting.

(Opinion filed October 2, 1901.)

Appeal from circuit court, Minehaha county. HON. JOSEPH W. JONES, Judge.

Action by E. W. Cochran against Charles R. Germain and another. From an order setting aside a judgment in favor of plaintiff. he appeals. Reversed.

*Aikens & Judge,* for appellant.

*Boyce & Warren,* for respondents.

FULLER, P. J. Whether the trial court obtained jurisdiction by the publication of a summons and personal service thereof in another state is the only question presented by this appeal from an order setting aside a judgment obtained against non-resident defendants in an action on a promissory note. Appellant's affidavit, upon which the order for publication was based, is as follows: "E. W. Coughran, being first duly sworn, deposes and says, that he is the plaintiff in the above entitled action; that a cause of action exists in favor of the plaintiff and against the defendants upon contract for the recovery of money, only, in the sum of $315 and interest thereon from the first day of January, 1896, at the rate of 12 per cent. per annum, the grounds of which are more particularly set forth in the verified complaint which was filed in the office of the clerk of this court on the 5th day of February, 1896, and which is hereby referred to for a complete statement of the grounds of said action; that the defendants are not, and neither of them is, a resident of, or within the State of South Dakota, but; on the contrary, the defendants both reside and are, and their postoffice address is, at Alden, in the county of Freeborn and State of Minnesota, and they cannot, and neither of them can, be found in the State of South Dakota for the purpose of serving the summons in the said action upon them or either of them; that the defendants, or one of them, has real property in the county of Minnehaha and State of South Dakota, upon which this plaintiff caused a writ of attachment to be levied on the 6th day of February, 1896, the said real property being within the jurisdiction of this court." Section 4900 of the Compiled Laws provides that: "Where the person on whom the service of the summons is to be made cannot, after due diligence, be found within the state, and that fact appears by affidavit to the satisfaction of the court or a judge thereof, and it in like manner appears that a cause of action exists against

the defendant in respect to whom the service is to be made,   *   *   *
such court or judge may grant an order that the service be made
by the publication of a summons in either of the following cases:
(1)   *   *   *    (2)   *   *   *    (3) Where he is not a resident
of this state but has property therein, and the court has jurisdiction
of the subject of the action." As the requirements of the phrase "due
diligence" must always be determined by the particular circumstan-
ces of the case calling for its exercise, and it was made to appear by
the unequivocal sworn statement of plaintiff that neither of the de-
fendants were residents of or within this state, but on the contrary
the postoffice address and fixed residence of each was Alden, Free-
born county, Minnesota, where they both actually were at the time,
the conclusion was justifiable that "they cannot, and neither of them
can, be found in the State of South Dakota," and this was further
corroborated when the parties named were personally served at the
place designated. So far as the search was concerned, no further
diligence was due after such ultimate fact had been ascertained to
a moral certainty and the satisfaction of the court . Proof that these
nonresident defendants were then at Alden, in the county of Free-
born and State of Minnesota, when considered with other probative
facts disclosed by the affidavit, enabled the trial court to judicially
determine that "the persons on whom the service of the summons
rs to be made cannot, after due diligence, be found within the state."
The affidavit in the case of Bothell v. Hoellwarth, 10 S. D. 491, 74
N. W. 231, while giving the residence of the defendants in another
state, and alleging their absence from this state, failed to designate
where they actually were at the time the application was made, and
it was therefore held that it had not been sufficiently shown that
the defendants could not be found within this state.

While the respective briefs have received careful consideration,

it is not deemed necessary to extend this opinion by a discussion of the remaining points urged by counsel for the respondents in support of their view, and the order appealed from is reversed.

CORSON, J., dissenting.