## ALLEN v. RICHARDSON.

1. Copies of the affidavit and order for service by publication of a summons need not be served with the summons and complaint where they are served personally on defendant out of the state, the statute not requiring it.      *

2. Laws 1893, c. 75, § 1, providing that in no case shall a divorce be granted without personal service of the summons and order of publication, has no application to, and therefore does not make service of the notice of publication necessary, in other cases.

3. Under Comp. Laws, § 4900, subd. 5, making no other requirement as to filing except that, where publication of summons is made, the complaint must be first filed, failure to file the affidavit and order for publication till the time of taking judgment is immaterial.

4. Under Comp. Laws, § 4900, providing that, where the person on whom service of summons is to be made cannot, after due diligence, be found within the state, and that fact appears by affidavit to the satisfaction of the court, it may order service by publication, it is authorized to make the order on plaintiff's affidavit stating that defendant could not, after due diligence, be found in the state; that the summons was issued and placed in the hands of the sheriff, and by him returned with the indorsement thereon that defendant could not be found in the county; and that plaintiff had been in correspondence with defendant, and had received letters from him, written at a certain place in another state.

5. Recital in an order for service by publication of summons that it satisfactorily appeared by affidavit that a cause of action existed against defendant in favor of plaintiff as set forth in the complaint, a copy of

which was thereto annexed, is conclusive on appeal that a copy of the complaint was annexed to the affidavit.

(Opinion filed December 31, 1902.)

Appeal from circuit court, Spink county.   Hon. A. W. CAMPBELL, Judge.

Action by E. M. Allen against Alfred G. Richardson. From an order, defendant appeals.   Affirmed.

*J. H. Perry* and *W. F. Bruell*, for appellant.

*Sterling & Clark*, for respondent.

CORSON, J.   This is an appeal from an order denying the defendant's motion to vacate and set aside the judgment in this case, the default entered therein, and the service of the summons in the same.   The motion was made upon the following grounds:   "First, that no order for the publication of summons, or copy thereof, was served with the summons; second, that no affidavit, on which the said order for publication was based, or copy thereof, was served with the summons; third, that said affidavit and order for publication of summons were not filed with the clerk of said court until the date judgment was ordered in said cause; fourth, that said order for publication of summons is void for the reason it does not show that due diligenge was used to serve the defendant with said summons personally within this state; fifth, that said order for publication of summons is void for the reason it does not show that plaintiff has a cause of action against the defendant; sixth, that the affidavit on which said order for publication of summons was made does not show that diligence was used to serve the defendant within this state; seventh, that the affidavit on which the said order is based does not show that the defendant

was not within this state, or that service of the said summons cannot be had upon the defendant within this state; eighth, that the affidavit on which said order was based does not state facts showing that plaintiff has a cause of action against said defendant; ninth, that said affidavit does not show that the defendant was not within the state." No publication of the summons was in fact made, but the same, with the complaint, were served personally upon the defendant at his home in the state of Illinois.

The contention of the appellant that copies of the affidavit and order should have been served with the summons and complaint is untenable. The statute does not require such service, and hence the failure to so serve them does not in any manner affect the proceedings. Section 1, c. 75, Laws 1893, called to our attention by the appellant, which provides, "and in no case shall a divorce be granted without personal service of the summons * * * and order of publication," is limited to actions for divorce, and does not apply to the case at bar. The contention, therefore, of the appellant that, if the provisions of this section are not held applicable to all cases, it is special legislation, and therefore unconstitutional, need not be considered or decided at this time. The third ground relied on by the appellant is untenable for the like reason that the law does not require the affidavit and order for publication to be filed with the clerk prior to the publication of the summons, or the service of the same personally upon the defendant; the only requirement as to the the filing being that the complaint must be first filed. Subdivision 5, § 4900, Comp. Laws. A failure, therefore, to file the affidavit and order prior to the time of taking judgment, does not render the proceeding irregular. The appel-

lant relies mainly upon the fourth ground of his motion, which is that the defendant does not show that due diligence was used to serve the defendant with the summons personally within this state, and that, therefore, the affidavit was insufficient to confer upon the court jurisdiction to make a valid order. The apellant contends that the case comes within the rule laid down by this court in Bothell v. Hoellwarth, 10 S. D. 491, 74 N. W. 231. There is however, a clear distinction between that case and the one at bar. In the Hoellwarth case there were no probative facts stated showing that due diligence had been used on the part of the appellant to serve the summons upon the defendant in this state. In the case at bar, however, the plaintiff, in addition to the positive statement that the defendant could not, after due diligence, be found in this state, states that the summons was duly issued in the action and placed in the hands of the sheriff, and was by him returned with the indorsement thereon that the said defendant could not be found within the county. The appellant further states that he had been in correspondence with the defendant, and had received letters from him, written at Wilmington, Ill. There were, therefore, sufficient probative facts stated to call into exercise the judicial powers of the court, and upon which it did find that due diligence had been used. The case, therefore, comes clearly within the rule laid down in Woods v. Pollard, 14 S. D. 44, 84 N. W. 214, and Coughran v. Germain, 15 S. D. 77, 87 N. W. 527. In the former case this court said: "No unvarying rule can be laid down by this court as to what the proof shall be, as that will depend very largely upon the circumstances of each case. It will suffice to say that the proof must be such as to satisfy the court making the order that due

diligence has in good faith been used, and which this court, upon review, can say is sufficient to support the findings of the lower court."

It is further contended on the part of the appellant that the affidavit does not state sufficient facts to show that the plaintiff had a good cause of action against the defendant, which would authorize an order for the publication of the summons. This contention is not tenable. It is stated in the affidavit of the appellant that a cause of action exists against the defendant in favor of the plaintiff, as more fully appears by the complaint, a copy of which is thereto annexed. It is contended by the appellant that no copy of the complaint was in fact annexed to the affidavit, and that there is no evidence that the original was presented to the judge at the time that he made the order. The court, however, in its order, recites that it satisfactorily appeared by affidavit that a cause of action existed against the defendant in favor of said plaintiff as set forth in said complaint, a copy of which was thereto annexed. This recital of the court in its order must be held conclusive by this court. We have repeatedly held that annexing to the affidavit the complaint, or a copy thereof, and making it a part of the affidavit, is sufficient to establish the existence of a cause of action and that the complaint or a copy in such case becomes a part of the affidavit.

We are of the opinion that the court ruled correctly in denying plaintiff's motion, and the order appealed from is affirmed.