(107 N. W. 359.)

---

JOHN S. PILLSBURY, JR., AND CHARLES S. PILLSBURY v. THE J. B. STREETER, JR., COMPANY.

Opinion filed February 19, 1906.

**Affidavit for Publication — When Findings of Fact Thereon Sustained.**

1. The findings of the district court that it is satisfied that the facts stated in an affidavit, on which an order of publication of a summons is requested, are true, will not be disturbed, where it fairly and reasonably appears that the facts stated in the affidavit show due diligence.

**Same — Findings Based Upon Conclusions.**

2. It is only where such recitals in an order for the publication of the summons are merely conclusions that a finding of due diligence will not be upheld.

**Same — Residence.**

3. A finding that the residence of a party is in a specified place is a finding of a fact and not a conclusion.

**Affidavit of Publication — Jurisdiction.**

4. The facts stated in an affidavit for the publication of the summons considered, and *held,* sufficient to sustain an order of publication; and that the publication of the summons, pursuant to such order, conferred jurisdiction on the court to enter judgment of foreclosure of a real estate mortgage against a nonresident defendant.

**Same — Failure to File Affidavit and Order Until After Complaint Is Filed.**

5. The failure to file the affidavit and order for publication, until one day after the filing of the summons and complaint, does not invalidate a publication of a summons, as the statute does not prescribe that the affidavit or order shall be filed at the time the complaint is filed.

**Specific Performance — Tender of Deed and Abstract of Title — Interest.**

6. In an action for specific performance, the allowance of interest on the purchase price due on a contract for the sale of real estate in favor of the vendor was proper, where the vendee did not pay the same when a valid deed and abstract was tendered pursuant to the contract, although the contract did not provide for interest, as the vendee had taken possession.

**Same — Equity Will Adjust Rights of Parties to Contract.**

7. Courts of equity will adjust the rights of parties to such contracts in such actions, so as to give to each what he would have received under the contract, if there had been no default by the vendee.

Appeal from District Court, Grand Forks county; *Fisk,* J.

Action by John S. Pillsbury, Jr., and Charles S. Pillsbury, against the J. B. Streeter, Jr., Company. Judgment for plaintiff, and defendant appeals.

Affirmed.

*Thomas H. Pugh,* for appellant.

The statute relating to substituted service is mandatory and failure to comply with its terms confers no jurisdiction. Beach v. Beach, 6 Dak. 371, 43 N. W. 701; Yorke v. Yorke, 3 N. D. 343, 55 N. W. 1095; Bothell v. Hoellwarth et al., 10 S. D. 491, 74 N. W. 231; Carlton v. Carlton, 85 N. Y. 313; McCracken v. Flanagan et al., 27 N. Y. 493, 28 N. E. 385; 24 Am. St. Rep. 481; Kennedy v. N. Y. Life Ins. Co., 32 Hun. 35; Greenbaum v. Dwyer, 66 How. Pr. 266; Simensen v. Simensen, 100 N. W. 708, 13 N. D. 305.

The affidavit for publication does not show any diligence to find defendant within a reasonable time prior to the date of the order. Woods v. Pollard, 84 N. W. 214; McCarthy v. McCarthy, 16 Hun. 647; Collins v. Ryan, 32 Barb. 647; 19 Enc. Pl. & Pr. 622; Carnes et al. v. Mitchell, 48 N. W. 941; Orr v. Currie, 35 N. Y. S. 198; Am. Dig. 1896, Col. 4434; State v. Horine, 63 Mo. App. 1; Plummer v. Blair et al., 80 N. W. 139; Coughran v. German, 87 N. W. 527; Allen v. Richardson, 92 N. W. 1075.

Order must be based on a state of facts existing at or near the time of making it. N. Y. Baptist Union v. Atwell et al., 54 N. W. 760; Adams v. Hosmer, 56 N. W. 1051.

Affidavit must be filed before the order can be made. 17 Enc. Pl. & Pr. 56; Guinn v. Elliott, 98 N. W. 625.

Order must show that the facts necessary for an order were shown to the satisfaction of the court. McCracken v. Flanagan, supra; Davis v. Cook, 69 N. W. 18; Manning v. Keady, 25 N. W. 1.

Failure to state facts required by statute renders order of publication defective. 17 Enc. Pl. & Pr. 81; Lawrence v. State, 30 Ark. 719.

The judgment may be attacked collaterally. Murphy v. Lyons, 28 N. W. 328; McGavock v. Pollock, 4 N. W. 659; Boker v. Chapline, 12 Iowa, 204; Palmer v. McMaster, 19 P. 585; McMinn v. Wheelan et al., 27 Cal. 312; Jordan et al. v. Giblin et al., 12 Cal. 100; Duxbury v. Dahle, 78 Minn. 427, 81 N. W. 198; O'Malley v. Fricke et al., 104 Wis. 280, 80 N. W. 436; Cody et al. v. Cody, 98 Wis. 445, 74 N. W. 217; Pendleton v. Weed, 17 N. Y. 75; Fowler v. Simpson, 79 Texas, 611; Turner v. Malone, 24 S. C. 405; Bigelow v. Stearns, 19 Johns, 41; Davis v. Cook, 9 S. D. 319, 69 N. W. 18; Coughran v. Markley, 87 N. W. 2; Cox v. Boyce, 152 Mo. 576, 75 Am. St. Rep. 483; Wilkinson v. Schoonmaker, 77 Tex. 615, 19 Am. St. Rep. 803; Oelberman v. Ide, 93 Wis. 669, 57 Am. St. Rep. 947; McGee v. Hayes, 127 Cal. 336, 78 Am. St. Dep. 57; Black on Judgment (2 Ed.) 278.

Proof of affidavit and order of publication must exist *dehors* the judgment. Palmer v. McMasters, supra; Galpin v. Page, 18 Wall. 350, 21 L. Ed. 959.

Interest is due when plaintiff is in position to demand the money, and does demand it. Morse v. Rice, 54 N. W. 308.

*Guy C. H. Corliss,* for respondent.

Equity will enforce a contract against the vendee as well as the vendor. Anderson et al. v. Wallace Lumber & Mfg.. Co., 70 Pac. 247; Warvelle on Vendors, 779-780.

The proper judgment to be rendered, is one requiring the vendee to pay within a certain time, and if he does not, direct a sale of the property to pay the amount due, and enter judgment for the deficiency. Edmison v. Zborowski, 68 N. W. 288; Gates v. Parmly, 66 N. W. 253, 257; Loveridge v. Shurtz, 70 N. W. 132; Clark v. Hall. 7 Paige, 382, 385; Corpus v. Teedt, 69 Ill. 205;

Anderson v. Wallace, supra; Peake v. Young, 18 S. E. 237; Abbott v. Moldestad, 77 N. W. 227, 74 N. W. 293; Peck v. Zborowski, 82 N. W. 387; Strauss v. Beudheim, 66 N. Y. Supp. 247; Andrews v. Sullivan, 7 Ill. 327; Robinson et al. v. Appleton et al., 124 Ill. 276, 15 N. E. 761; Goddin v. Vaughn, 14 Gratt. 102; Adams v. Ash, 46 Hun. 105; Peake v. Young, 40 S. C. 41; Brace et al. v. Doble, 3 S. D. 110, 52 N. W. 586.

The affidavit was amply sufficient to give jurisdiction for the order of publication. Bank of Colfax v. Richardson et al., 54 Pac. 359; Salisburk v. Cooper, 69 N. Y. Supp. 258; Kennedy v. N. Y. L. Ins. & Trust Co., 101 N. Y. 488, 5 N. E. 774; Rue v. Quinn, 66 Pac. 216; Allen v. Richardson, 92 N. W. 1075; Woods v. Pollard, 84 N. W. 214; Coughran v. Marcley, 87 N. W. 2; Coughran v. Germain, 87 N. W. 527; Marks v. Ebner, 180 U. S. 314, 21 Sup. Ct. Rep. 376; McDonald v. Cooper, 32 Fed. 745; Crouter v. Crouter et al., 30 N. E. 726; Pike v. Kennedy et al., 15 Pac. 637.

There is nothing in that the affidavit was not filed until after the filing of the complaint. Allen v. Richardson, 92 N. W. 1075.

In equity, where the contract is silent on the subject of interest, the vendor will be regarded as trustee of the land for the benefit of the purchaser and liable to account for rents and profits; the vendee is trustee of the purchase money, and, if not paid, will be charged with interest thereon. Pomeroy on Specific Performance, section 428; Worrall v. Munn, 38 N. Y. 137; Bostwick v. Beach et al., 9 N. E. 41; Lynch v. Wright, 94 Fed. 703; 2 Story Eq. Jur., section 789; Fry, Spec. Per., section 889; Drake v. Barton, 18 Minn. 462.

Even when the vendor is in fault, the vendee in possession must pay interest, unless he sets aside the money and appropriates it for the vendor and so notifies him. Calcraft v. Roebuck, 1 Ves. 221; Powell v. Martyn, 8 Ves. 146; Roberts v. Massey, 13 Ves. 561; Regents Canal Co. v. Ware, 23 Beav. 575; Winter v. Blades, 2 S. & S. 393; Dyson v. Hornby, 4 DeG. & Sm. 481; Pomeroy on Specific Performance, section 430.

Morgan, C. J. Action to compel the vendee to specifically perform a contract for the sale of real estate. The district court entered a decree of specific performance in accordance with the relief demanded in the complaint. The defendant appeals from the judgment and requests a review of the entire case in this court, under section 5630, Rev. Codes 1899.

The facts are stipulated, and there is no question raised as to procedure nor as to the form of the decree. The complaint sets forth a contract in writing between the vendor and vendee, wherein the vendor agreed to convey to the vendee the land in question by warranty deed "and abstracts to each quarter section thereof to be furnished, showing perfect title in the grantors in said deed," and that upon furnishing such deed and abstract the vendee was to pay the balance of the purchase price. The complaint alleges a performance by the vendors of all the conditions of the contract and a tender of a warranty deed and abstract in accordance with the provisions of the contract. The only issue as to a compliance with the contract by the plaintiffs is whether a certain foreclosure of a mortgage upon the land in question was regular and valid. That foreclosure was by action, in which one Samuel L. Bean was the mortgagor. The defendant contends that the foreclosure was void for the reason that the affidavit on which the order of publication was based did not show that the plaintiff had exercised due diligence in ascertaining whether said Bean was a resident of the state at the time such affidavit was made, and could have been personally served in this state. The affidavit was made by plaintiff's attorney in that action, and is in the following language, so far as the point in question is concerned: "That the said defendants Samuel L. Bean, * * * cannot, after due diligence, be found within the state of North Dakota; that the diligence used to ascertain the whereabout of the said defendants is as follows, viz.: As to the said Samuel L. Bean, by inquiring of and from E. H. Wilder, of the village of Arvilla, Grand Forks county, state of North Dakota, James H. Bosard, Grand Forks City, North Dakota, Ralph Whalen of 350 Temple Court, Minneapolis, Minnesota, who all unite in stating that the last known place of residence of the said Samuel L. Bean was General Delivery, City of New York; that is the place where he received his mail; that he always neglected and failed to give them his place of residence in said city of New York; that they have all received letters from the said Samuel L. Bean within the last year, in which he stated that his address was general delivery, New York City; that this deponent himself is in receipt of a letter from said Samuel L. Bean within the past year stating his address was general delivery, New York City, New York; * * * that none of the said defendants above named are residents of the said state of North

Dakota; and that the place of residence of the said defendants above named is as follows, viz.: Samuel L. Bean, New York City, N. Y. * * *" The forcelosure was made in the year 1893, and under section 4900, Comp. Laws 1887, governing the procedure to obtain jurisdiction of absent defendants in foreclosures of mortgages on real estate. That section provides that: "Where the person on whom the service of the summons is to be made cannot after due diligence be found within the territory, and that fact appears by affidavit to the satisfaction of the court, or a judge thereof, * * * such court or judge may grant an order that the service be made by the publication of a summons in either of the following cases: * * * (4) Where the subject of the action is real or personal property in this territory and the defendant has or claims a lien or interest, actual or contingent, therein, or the relief demanded consists wholly or partly in excluding the defendant from any interest or .lien therein." Upon the presentation of the affidavit, the district court made an order with the following recitals: "On reading and filing the foregoing affidavit, and the facts therein stated appearing to the satisfaction of the court to be true." Publication of the summons was ordered and a copy of the summons ordered to be mailed to said Samuel L. Bean, General Delivery, New York City, N. Y. The only defects in the foreclosure claimed are that the affidavit fails to show the exercise of due diligence in the endeavor to find the said defendant in North Dakota, and the fact that the affidavit and order were not filed in the clerk's office until July 11, 1893. while the summons was dated, and the complaint verified, on July 10, 1893, and each of them filed on that day.

It is generally held that a mere statement in affidavits, to be used as a basis for orders of publication, that due diligence was used to find the defendant, is not alone a statement of fact authorizing a publication. Such statements are deemed conclusions. The facts must be stated, and the court draws the inference therefrom whether due diligence has been exercised or not. What constitutes due diligence is therefore generally held to be a question of law. The affidavit in question, homever, states other matters besides the statement that the defendant could not be found within the state after due diligence to find him had been used. It states that inquiry was made of three persons as to the defendant's whereabouts, and these persons each stated that his last known residence

was in the city of New York, and that his post office address was general delivery in that city, and that each had received letters from him within a year. We think the affidavit showed the exercise of reasonable or due diligence to find the defendant within the state. The information imparted by the persons of whom inquiry was made was not definite as to the place of defendant's residence at the time that the affidavit was made, or at any other time, but it stated that he could not be found within the state, after due diligence. In addition to the information received from the persons named, the affidavit states positively that Bean was not a resident of this state ,and positively states that he was then a resident of the city of New York. Affiant's statement that the defendant was then a resident of New York City, and not a resident of North Dakota cannot be properly or fairly said to be based on what was told to him by those of whom inquiry was made, and is not therefore a conclusion drawn from such information.

The district court found the facts stated in the affidavit to be true. It became satisfied judicially of the existence of such facts and made the order of publication. The statement of the persons inquired of, and that of the affiant of his own knowledge, that Bean was a resident of the city of New York, is not a conclusion of law, but a statement of a fact. In such a case they were not stating a deduction from facts, but a fact. We think due diligence was strictly shown, within the rule announced in Simensen v. Simensen, 13 N. D. 305, 100 N. W. 708. That case, however, is distinguished from this one. There was no positive showing of facts in that case. All was upon information and belief, and there was a lapse of several months between the time when the showing was made by the return of the sheriff and the making of the affidavit and order. The affidavit in this case goes much further than the affidavit commented on in Carlton v. Carlton, 85 N. Y. 314, relied on by counsel. In that case there was no statement that due diligence had been used. The court was asked to infer due diligence from a statement of nonresidence. The court refused to do so, and gave as reasons for its refusal the well known fact that persons residing in one state may do business in a border state and may be served there if diligence be used. In this case the positive fact of residence in the distant state of New York is stated, and the fact stated that after due diligence, with a statement of what it consisted of, the defendant cannot be found within

this state, and the court finds in its order, based on the affidavit, that it is satisfied that the facts stated in the affidavit are true.

We conclude that the court had jurisdiction to make the order, and that the service by publication was valid, even against a direct attack, which this is not. The rule is that the recitals in an order of publication that the facts stated in an affidavit are true to the satisfaction of the court are deemed a judicial finding that such facts exist. This is true as to the facts showing due diligence, although there be but slight evidence of diligence. If it fairly appears that reasonable diligence has been used, the order of publication will be upheld. It is only when the affidavit leaves it as a matter of speculation as to what diligence was used that the findings in such an order will not be upheld. Orr v. Currie (Sup.) 35 N. Y. Supp. 198. That the order of publication in this case is valid is supported by the following cases: Marx v. Ebner, 180 U. S. 314, 21 Sup. Ct. 376. 45 L. Ed. 547; Kennedy v. N. Y. Life Ins. Co. 101 N. Y. 487, 5 N. E. 774; McDonald v. Cooper (C. C.) 32 Fed. 745; Rue v. Quinn et al. (Cal.) 66 Pac. 216; Coughran v. Germain (S. D.) 87 N. W. 527; Coughran v. Markley (S. D.) 87 N. W. 2; Pike v. Kennedy (Or.) 15 Pac. 637; Crouter v. Crouter, 133 N. Y. 55, 30 N. E. 726; Allen v. Richardson (S. D.) 92 N. W. 1075; Woods v. Pollard, 14 S. D. 44, 84 N. W. 214. The fact that it is not shown that the summons was placed in the hands of the sheriff for service is not fatal to the judgment. The means by which due diligence is shown is not confined to any particular method of procedure. It is the fact that due diligence of some kind is shown that gives validity to the order of publication.

The objection that the affidavit and order for publication were not filed until one day after the complaint was filed is fully met by the statement that the statute does not require the filing thereof when the complaint is filed. Allen v. Richardson, supra. The trial court allowed the plaintiff to recover interest on the unpaid purchase money from May 1, 1902. This was about 24 days before the plaintiff tendered a deed and abstract to the defendant. The contract contained no provision as to payment of interest, if payment was not made when plaintiffs had complied with all the conditions required before it became incumbent on the defendant to pay the unpaid purchase price. The contract did not provide that defendant should go into possession of the land before the deed was delivered. By a new agreement made after the written con-

tract was executed and delivered, the defendant was given and took possession of the land within a few days after. the written contract was delivered. The allowance of interest may be made by a court of equity, although the contract does not so provide. The adjustment of the equities between the parties is within the powers of the court in equitable actions. To offset the benefits of possession by compelling interest to be paid was an equitable adjustment which cannot be disturbed in this case. The object to be aimed at by courts of equity in such cases is to place the party without fault as nearly as possible in the same condition as he would have been in had there been no default by the other party. Pomeroy on Specific Performance, sections 429, 430; Worral v. Munn, 38 N. Y. 137; Bostwick v. Beach (N. Y.) 9 N. E. 41. The defendant, having enjoyed the fruits of possession, cannot justly claim that it was unjustly prejudiced by the judgment compelling the payment of interest on the money withheld without legal cause.

The judgment is affirmed. All concur.