KAROLINE NASSET, Respondent, v. CHAS. H. HOUSKA and A. L. MARTIN, Appellants.

(186 N. W. 255.)

**Vendor and purchaser — vendor held entitled to interest from sale date until payment; litigation involving amount of nonresident aliens inheritance tax does not affect marketability of citizen's title; where no sale terms are specified, cash is presumed.**

1. Plaintiff brought an action to quiet title to certain land, and judgment was entered in her favor. Defendant's appeal is from the judgment.

It is *held* for reasons stated in the opinion that the judgment should be affirmed.

Opinion filed Dec. 12, 1921. Rehearing denied Jan. 3, 1922.

Appeal from a judgment of the District Court of Rolette County, *A. G. Burr,* J.

Judgment affirmed.

*Cuthbert, Smythe & Wheeler* and *E. T. Burke,* for appellants.

That Houska was the agent of the plaintiff and that she is bound by

his acts in the premises. See: 21 R. C. L. (principal and agents ¶ 5, 6 and 25). Luke v. Griggs, 4 Dak. 287, 30 N. W. 170, 31 Cyc. p. 1215; 31 Cyc. p. 1566, ¶ E.

The retention of the money tendered by Martin constitutes an estoppel. Dowagiac Mfg. Co. v. Mellekson, 13 N. D. 257, 100 N. W. 717; Russel v. Waterloo Thresh. Mach. Co. 17 N. D. 248, 116 N. W. 611; Townsend v. Kennedy, 6 S. D. 47, 60 N. W. 164; Union Trust Co. v. Phillips 7 S. D. 225, 63 N. W. 903.

*Sinness & Duffy*, for respondent.

Where a vendor fails to convey the land sold, the vendee may recover the purchase money paid, with interest from the time of payment if he is out of possession or without interest if he has had possession. Kicks v. State Bank, 12 N. D. 576, 98 N. W.

This proposition is well sustained by the authorities. Fernander v. Dunn, 65 Am. Dec. 607, 19 Ga. 497.

And in case of a breach of warranty of title in a deed this is the measure of damages fixed by statute. § 7149 C. L. of 1913.

Wisconsin holds that where a purchaser goes into possession and the vendor fails to convey good title, the purchaser may rescind and recover damages, but that where he elects to hold possession under the contract, "he can do so only upon condition that he pays the purchase-money and interest according to the contract." McIndoe v. Morman, 26 Wis. 588 7. Am. Rep. 96; Dunn v. Mills, 70 Kan. 656, 2 An. Cas. 363, and note thereto in An. Cas; § 370 subject Vendor and Purchaser, 27 R. C. L. 616; Worley v. Nethercott, 91 Cal. 512, 25 A. S. R. 209; Larkin v. Montgomery Bank, 9 Port (Ala.) 434, 33 Am. Dec. 324; Giles v. Williams, 3 Ala. 316, 37 Am. Dec. 692.

GRACE, C. J. This is an appeal from a judgment of the district court entered in plaintiff's favor against the defendants. The action is one to quiet title to a certain tract of land situated in Rolette county, and described as the S. W. ¼ of section 10 in township 159 north, range 69. The complaint is largely in statutory form. Martin claims to be the owner in fee of the premises since October, 1917. The source of his claim is shown by ¶ 4 of the answer, which is as follows:

"Further answering plaintiff's complaint, your defendants allege

that under date of July 26, 1917, plaintiff entered into a certain writing with your defendant Charles H. Houska, whereby among other things the plaintiff granted to your defendant Houska exclusive option or right to sell said described premises for the sum of $5,800, the plaintiff further agreeing to furnish good title to said land described; that thereafter and during the month of July, 1917, your defendant sold said described premises to his codefendant, A. L. Martin, which sale was communicated to and ratified by the plaintiff, said Martin, going immediately into possession, and that thereafter there was paid to and accepted by the plaintiff the sum of $1,200 on account of the purchase price of said premises, and that thereafter defendant Charles H. Houska tendered to the plaintiff the sum of $4,378.85, being the balance due on account of said agreed purchase, less certain items of disbursement by your defendant Houska, which were. agreed to by the plaintiff and her agents."

The answer further, in substance, alleges that Martin is entitled to a warranty deed to the premises from plaintiff, and that all delays in closing the sale were not the fault of defendants, and were acquiesced in by plaintiff. That the delay was occasioned by awaiting the determination of a test case involving the question of the North Dakota Alien Inheritance Tax then pending in the Supreme Court of the state of North Dakota, which was finally determined in the Supreme Court of the United States of America in the case of Howard Moody v. Otto A. Hagen et al. See Skarderud v. Tax Commission of North Dakota, 245 U. S. 633, 38 Sup. Ct. 133, 62 L. ed. 522.

The material facts necessary to be stated are as follows: Ole Nasset was at the time of his death in 1915 the owner of the S. ½ of section 10 and the S. W. ¼ of section 11, all in the township and range first above mentioned. He left surviving him as heirs at law Karoline Nasset, the plaintiff, Hansine Nass, and Bertine K. Udtian. Proceedings were had in the county court of Rolette county with reference to the administration of the estate, and Hansine Nass was duly appointed and qualified as administratrix; Charles H. Houska acting as her attorney in the administration of the estate.

On the 23d day of November, 1917, a written agreement was entered into between the heirs relative to the distribution of the real estate, under which the plaintiff was to receive the S. W. ¼ of section 10, above mentioned. Prior to the time the estate was closed Karoline Nasset entered into the following agreement in writing:

"Maddock, N. D., July 26, 1917.

"It is hereby agreed by and between Karoline Nasset and John Nasset and Charles H. Houska of Bisbee, N. D., that the said Karoline Nasset and John Nasset hereby authorize the said Charles H. Houska of Bisbee to sell the land belonging to Karoline Nasset which falls to her as heir of Ole Nasset, deceased, and described as follows: S. W. ¼ of section 10, township 159, range 69, Rolette county, consisting of 160 acres, for the sum of $5,800.00. This power to last for 60 days and is irrevocable. Said Karoline Nasset to furnish good title to said land. The said Karoline Nasset to furnish abstract.

"John Nasset.

"Karoline Nasset,

"Charles H. Houska.

"Witness: ......................."

Houska sold the land to Martin for $5,800, who paid $1,200 in cash, leaving a balance of $4,600, which remained unpaid until February, 1919, when the defendants tendered Houska's check in the sum of $4,-378.85 on condition that the plaintiff delivered a warranty deed of the premises.

The final decree of distribution of the estate was entered on October 12, 1918. It distributed the land in accordance with the terms of the agreement between them. In tendering what defendants claimed to be the balance they allowed 6 per cent. interest on $4,600 for 2½ months, or $57.50. This, added to the $4,600, gives us $4,657.50. They deducted $278.65 for inheritance, recording, and attorney's fees and other expenses, and tendered the check of Houska in the amount above named, after deducting from $4,657.50, $278.65.

The principal question presented is whether the plaintiff is entitled to interest on the part of the purchase price remaining unpaid from the time of the sale to the time when it is paid, or whether she is entitled to interest only from the time of the entry of the final decree of distribution. We think it must be conceded that shortly after the sale the defendant Martin went into possession of the land, and has since cropped and cultivated the same, and has had the use and benefit of all such crops. In these circumstances we are of the opinion that he is chargeable with interest at the rate of 6 per cent. from the time of the sale on the sum remaining unpaid. Warvelle on Vendors, § 180; Pills-

bury v. Streeter, 15 N. D. 174, 107 N. W. 40. The defendant having enjoyed the rents and profits during the whole time, we see no legal reason why he should not pay interest as above stated.

There is another reason why plaintiff would be entitled to interest for the time we have above indicated. The defendant's claim that she could not deliver title on account of certain litigations then pending which prevented the closing of the estate and the issuance of the final decree of distribution, viz. Moody v. Hagen, 36 N. D. 471, 162 N. W. 704, Ann. Cas. 1918A, 933, which case was then pending in the Supreme Court of North Dakota. It involved a construction of § 8977, C. L. 1913, relative to an inheritance tax. By this statute an inheritance tax of 25 per cent. is imposed on the inheritance of non-resident aliens as opposed to a tax of 1½ per cent. on the inheritance of citizens. As we view this litigation, it did not affect plaintiff in any manner. She was a citizen of the United States, and there could be no controversy as to the amount of inheritance tax she should pay, and the marketability of her title was not affected thereby.

We are of the opinion that Houska was the agent of plaintiff to procure a purchaser of the land as would appear from the written authority above set forth, but before he received that authority he had some understanding with Martin with reference to his purchasing the land and amount of the purchase price thereof. Martin in effect consented to the purchase of the land for the sum of $5,800 prior to the time that Houska received his authority to make the sale of it. No terms of sale having been specified, a sale for cash is presumed. Considerable argument has been had with reference to the question of agency. We think that question is largely immaterial in this case; for, since Martin has had the use and benefit of the land ever since the purchase of it, he should pay interest on the balance of the purchase price remaining unpaid since the time of the sale, after being credited with the amount then paid; to wit, $1,200.

Plaintiff at all times had a marketable title so far as the inheritance tax was concerned and there was no other objection than that, to her title. A petition on her behalf could have been presented to the county court for distribution to her of the share of the estate to which she was entitled, which under the agreement between the heirs included the land here in controversy, and upon payment of the balance of the purchase price a deed could have been procured from her to Martin.

We are of the opinion that the judgment of the trial court should be affirmed, reserving to defendant Martin the right to comply with the judgment within 60 days from the filing of the remittitur in the court below. The judgment is affirmed. Respondent is entitled to her costs and disbursements on appeal.

CHRISTIANSON, BIRDZELL, ROBINSON, and BRONSON, JJ., concur.